OPINION OF THE COURT
Wilbur P. Trammell, J.
As far as this court is concerned, this is a first impression case.
The defendant contends that the “Bulldozer” games seized from his trailer by the Buffalo Police must be suppressed on the grounds that said seizure was violative of his rights under US Constitution 4th Amendment and under NY Constitution, article I, § 12.
In order to address the constitutionality of the seizure, the threshold determination which must be made is whether the defendant has standing to suppress. Only those defendants with a legitimate expectation of privacy in the area searched may move to suppress the evidence. (People v David L., 56 NY2d 698 [1982].)
The People argue that the defendant did not have a legitimate expectation of privacy in the trailer because he placed it upon public property in an amusement park with the intention that it be used by members of the public desiring to play the “Bulldozer” game. Conversely, defendant maintains that the trailer is his personal property, having been duly licensed and registered to him pursuant to the provisions of the New York motor vehicle law, and therefore he has a legitimate right to the expectation of *929 privacy in his personal property. Defendant’s ownership and possessory interest in said trailer has not been disputed.
The court finds that the defendant has standing to suppress. Defendant’s expectation of privacy in his trailer is analogous to that of a person’s expectation of privacy in the garage of his home. That he opens his doors to members of the public desirous of playing the “Bulldozer” game is akin to a homeowner conducting a garage sale. The mere fact that members of the public are allowed entrance to the property does not diminish the expectation of privacy.
Having addressed the issue of standing, an examination of the facts and circumstances surrounding the search and subsequent seizure is necessary in order to determine whether the instant action falls within the purview of one of the exceptions to the warrant requirement.
The People contend that the police officer, exercising his common right of inquiry, examined the “Bulldozer” games. This examination gave the officer probable cause to believe that the trailer was being used for criminal activity, to wit, gambling. The People therefore argue that the officer’s actions in seizing the games fall within the automobile exception to the warrant requirement, making the search and subsequent seizure constitutionally permissible.
On the other hand, the defendant contends that, assuming, arguendo, probable cause did exist, the evidence must still be suppressed based upon the lack of exigent circumstances. The defendant argues that both probable cause and the exigency must be present to sustain a warrantless search under the automobile exception to the warrant requirement. The court agrees with the defendant.
FINDINGS OF FACT
After having observed defendant’s game and playing same for about five minutes, the officer commenced an investigation and search to determine if the “Bulldozer” game was in fact a gambling device.
The arresting officer had the ability to maintain surveillance and secure a search warrant either by phone or in person and therefore exigent circumstances were nonexisting.
CONCLUSIONS OF LAW
The automobile exception to the warrant requirement was articulated by the U.S. Supreme Court in Carroll v United States (267 US 132 [1925]).
*930 There the court ruled that the police officer must have probable cause to believe that the vehicle itself is being used to commit a crime and exigency, assessed at the point of stop and derived from the fact that the car may be quickly driven out of the jurisdiction before a warrant can be obtained must exist to sustain a search and subsequent seizure of evidence without a valid warrant. In the present case, the exigency does not exist. The vehicle was not mobile and there was no alleged impediment to the officer’s acquisition of a warrant.
On balance, the public interest must yield to the individual’s right to personal security free from arbitrary interference by law officers even if the property searched and seized is a vehicle, particularly in the absence of exigent circumstances. (Pennsylvania v Mimms, 434 US 106, 109 [1977].)
In looking at the totality of the circumstances (Rawlings v Kentucky, 448 US 98 [1980]), the order requesting suppression of the seized devices must be granted.